No. 20,276.

LAB DEVELOPMENT CO. *v.* JOHN E. HILL, ET AL, AS BOARD OF COUNTY COMMISSIONERS OF PUEBLO COUNTY.
(381 P. [2d] 811)

Decided May 20, 1963.

Mr. WILLIAM H. ADAMS, Mr. HARPER L. ABBOT, for plaintiff in error.

Mr. JAMES V. PHELPS, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinon of the Court.

PLAINTIFF in error, to whom we will refer as applicant, is here by writ of error to review a judgment of the district court of Pueblo county which affirmed the action of the Board of County Commissioners in denying applicant a license to operate a "package" liquor store.

February 15, 1962, a hearing was held by the Board of County Commissioners upon applicant's request for a liquor license. Applicant presented the testimony of two witnesses in favor of granting the application, its Vice-President, Mr. Fred Sandman, and its attorney, Mr. Harper L. Abbot, together with its Exhibits "A" and "B" purportedly bearing the signatures of some eighty-nine persons favoring the granting of the application. In opposition to the application five persons appeared in person voicing their objection, and three hundred and seventeen persons signed petitions opposing it. It was shown that four other package liquor store outlets were already in existence in "the immediate vicinity" of the location for which applicant sought the license. As already stated, the application was denied by the licensing authority which determined that the reasonable requirements of the neighborhood were adequately served by existing outlets.

Counsel for applicant assert in their brief, the following:

" * * * This case has been brought to the highest Court of the State of Colorado because it presents two most important questions for consideration and ultimate decision. These are: Is an applicant for a liquor license in the State of Colorado entitled to a full, fair and impartial hearing, in accordance with the applicable law of the State, and, secondly, whether or not the liquor control laws of the State of Colorado, which make the sale of alcoholic beverages a legal business, are to be construed as laws which deny to the public the beneficial effects of proper competition.

"It is submitted every applicant for a liquor license is entitled to a full, fair and impartial hearing. It is further submitted our constitutional and legislative provisions regarding the sale of alcoholic beverages were neither intended nor designed to create monopoly and to deny the public at large the obvious benefits of economic competition."

As a basis for the first point above mentioned, the record indicates that at the outset of the hearing the chairman of the Board made the following comment:

"Well, we have the application here and we feel that the needs and the desires of the neighborhood are met. * * * "

Thereupon another board member asked the chairman whether, "You are already making a decision as to the needs and desires?" The chairman thereupon indicated that no such determination had been made. A commissioner then stated: "All I would like to have: Mr. Abbot give us why he feels, in this particular instance, the needs are not, at the present time, met."

The foregoing is cited by counsel to buttress his assertion that the applicant did not have a "full, fair and impartial hearing" before the commissioners. The record discloses that applicant was given full opportunity to present all the testimony and documentary

evidence it wished to have the Board consider, and availed itself of this opportunity by presenting two witnesses and its Exhibits "A" and "B" and resting. Objectors presented their evidence and rested. Subsequently, applicant was offered an opportunity to present rebuttal evidence and announced it had none. The showing made in support of the application was weak at best, and the incident relied upon to show that applicant did not have a "full, fair and impartial hearing" falls far short of being sufficient to require interference by this court. All reasonable doubt must be resolved in favor of the findings and determination of the licensing authority. In the instant case there is an abundance of evidence to support the action of the Board in denying the license.

■ With reference to the contention that the laws pertaining to the licensing of liquor dealers, " * * * were neither intended nor designed to create monopoly and to deny the public at large the obvious benefits of economic competition," we deem it sufficient to say that whether any benefit will result to the public from such competition, is a matter which the licensing authority may consider in determining the reasonable requirements of the neighborhood and the desires of the inhabitants thereof. The weight to be accorded such matters lies within the sound discretion of the Board. We cannot say under the facts here presented that the Board abused its discretion.

The judgment is affirmed.